IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-60,537-04




EX PARTE JAMES WILLIAM HORNSBY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 84675 IN THE CRIMINAL DISTRICT COURT
FROM JEFFERSON COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years’ imprisonment. The Ninth Court of Appeals affirmed his conviction.
Hornsby v. State, No. 09-06-00273-CR (Tex. App.–Beaumont 2008, pet. ref’d). 
            Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to: (1) argue at the motion to suppress hearing that Applicant was not read his
Miranda warnings before he made a statement to the police; (2) object to the admission of Exhibits
14, 17, 18, 19, 20, and 21; and (3) object when the State argued during closing that the blood
depicted in these Exhibits was the deceased’s blood. Applicant also contends that he was convicted
based on the perjured testimony of Edward Holland and Anthony Benjamin.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Chabot, 300 S.W.3d 768 (Tex. Crim. App. 2009). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant’s trial counsel to respond to Applicant’s claims of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall then make findings and conclusions as to
whether Holland and Benjamin testified at Applicant’s trial, whether they committed perjury, and,
if so, whether Applicant has shown by a preponderance of the evidence that this error contributed
to his conviction or punishment. The trial court also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant’s claims for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 8, 2010
Do not publish